IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALACHI D. LLOYD,<br><br>Defendant. | Case No. 1:20-cr-174-01<br><br>**UNITED STATES' RESPONSE TO MOTION FOR RECONSIDERATION OF DETENTION ORDER** |

     The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, opposes the Defendant's Motion for Reconsideration of Defendant's Detention Order and requests the Court deny the motion. The Defendant was arrested in the Eastern District of Michigan, and was ordered detained by the Magistrate Judge following a detention hearing. (DCD 34-4) The decision by the Magistrate Judge was appropriate based upon the information presented concerning the Defendant. The Defendant's current motion provides no reasonable basis for reversing the Magistrate Judge's order for detention.

     The Defendant's current motion focuses on his ties to the Eastern District of Michigan and his need for medical attention due to gunshot wounds as the basis for reconsideration of the order for detention. These arguments were considered by the Magistrate Judge and were properly rejected due to the risk of danger and risk of flight presented by this Defendant based upon the presumption for detention and the other available information. See 18 U.S.C. 3142(e)(3)(A) (a presumption for detention applies

where, as here, a defendant is charged with an offense for which the maximum term of imprisonment is 10 years or greater under the Controlled Substances Act, 21 U.S.C. § 801, et. seq.).

First, the Defendant fails to demonstrate how or why his ties to the Eastern District of Michigan are important or meaningful in this case. The Defendant presents no information that he has ties to the District of North Dakota, the jurisdiction where he is charged. Nor were any such ties noted in the Pretrial Services Report filed by the United States Pretrial Services Office in the Eastern District of Michigan at or about the time of the Defendant's detention hearing. <u>See</u> Government Exhibit 1 (Pretrial Services Report), filed under seal. In the federal system, courts look to the ties of a defendant to the judicial district in which the criminal charges have been brought in assessing the risk of flight. <u>United States v. Alverez-Lopez</u>, 2014 WL 2882906, *2 (M.D. Fla. 2014). Considering a defendant's ties to another district runs counter to whole consideration of risk of flight determination. <u>Id</u>. Should the Defendant be released, he will need to appear in this District, not the Eastern District of Michigan.

Second, the Defendant's connections to the Eastern District of Michigan are of little significance based upon the Defendant's history of fraudulent behavior involving his identity to avoid incarceration not only in his home District, but in other jurisdictions across the United States, something which the Defendant completely ignores in his current motion. The Defendant has been arrested both in Michigan and in other jurisdictions (Iowa and Alabama) where he used an alias of "Dominique Griffin" to avoid arrest and/or incarceration. <u>See</u> Government Exhibit 1 (Pretrial Services Report),

pp. 2, 4; Government Exhibit 2 (Ferndale Michigan Police Report, 04/16/2015 – redacted of Personal Identifying Information [or "PII"]).  In fact, the Defendant currently has an outstanding warrant in the name of Dominique Griffin in the State of Iowa for failing to comply with the terms of probation that was issued shortly after his sentencing in that underlying case.  See Government Exhibit 1 (Pretrial Services Report, p. 5 – noting sentencing on 02/06/2017); Government Exhibit 3 (redacted copy of Nation Wide Arrest Warrant, Polk County, Iowa, issued 03/03/2017).  The Defendant also has outstanding arrest warrants in the State of Alabama for Failure to Appear and Bail Jumping resulting from his failure to appear after arrest in Madison County, Alabama, for DUI and Felony Possession of a Pistol by a Drunk or Addict while using the name Dominique Cortez Griffin.  See Government Exhibit 1 (Pretrial Services Report), p. 4; Government Exhibit 4 (Warrants of Arrest and Appearance Bonds – redacted of PII, issued 11/24/2015, and Booking Information – redacted of PII).  By way of proffer, the United States advised the Court that this incident involved the Defendant being passed out in the driver's seat of a parked motor vehicle with a loaded firearm at his feet.  In each of these cases, within one month of the Defendant's court appearances, he fled the jurisdiction and disregarded a court's orders and/or conditions.

     The Defendant also has an outstanding warrant in his own name pending in Buffalo, New York, for a misdemeanor DUI offense.  See Government Exhibit 1 (Pretrial Services Report), pp. 2, 6.  The offense conduct occurred in May 2019, and the warrant was issued in July 2019.  Id.  While the Pretrial Services Report does not directly indicate the Defendant failed to appear in this case, it is clear given the offense date and

the warrant issuance date that the Defendant disregarded his obligations to address that matter with the judicial system following his arrest. Plain and simple, the Defendant went back to Michigan and has shown no willingness or desire to address the matter thereafter.

Thus, the Defendant's ties to the Eastern District of Michigan can provide no assurance to the Court that the Defendant will appear in the District of North Dakota. The Defendant has demonstrated through his past conduct that he will engage in deceptive and obstructive behavior to avoid the consequences of the criminal justice system. The Defendant's failure to appear, absconding from supervision, or simple disregard of his obligations in each and every instance where he has or is alleged to have engaged in criminal activity outside of Michigan should be given substantially greater weight by the Court than the Defendant's ties to a District where the current charge is not pending. The Defendant's prior conduct demonstrates that his ties to the Eastern District of Michigan are absolutely meaningless when assessing whether he will appear in court in a jurisdiction outside of that District.

Finally, the Defendant's argument he should be released due to injuries sustained from gunshots should be rejected. The United States Marshal's Service can and will provide all necessary medical care to the Defendant during his detention. The Defendant did not report any urgent medical needs nor any prescribed medication during his interview with the Pretrial Services Officer following his arrest in the Eastern District of Michigan. See Government Exhibit 1. Further, and more importantly, following the shooting incident, the Defendant did not display conduct that demonstrated he is in a

physical condition that prohibits his incarceration.  The Defendant appeared in a music video (post-shooting incident) demonstrating that while he has some injury, he is physically well and capable of "celebrating" his recovery with others.  See Government Exhibit 5, filed conventionally (DVD of YouTube video by "TMC Mali" – "The Viral Story.")  The video also demonstrates that the Defendant has not been concerned about his susceptibility to COVID, as he is clearly not physically distancing himself from others in the video.  Based upon this video, it appears the Defendant is asserting COVID now simply as a reason to avoid detention.

Based upon the foregoing, the United States respectfully requests this Court deny the Defendant's Motion for Reconsideration of Detention.

Dated:  November 25, 2020.

                    DREW H. WRIGLEY
                    United States Attorney

By:    /s/ *Rick L. Volk*_____
        RICK L. VOLK
        Assistant United States Attorney
        ND Bar ID 04913
        P.O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        rick.volk@usdoj.gov
        Attorney for United States