# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Malachi Lloyd, ) | Case No.: 1:20-cr-174 |
| ) | |
| Defendant. ) | |

Before the Court is Defendant's Motion for Revocation of Detention Order. (Doc. No. 38). For the reasons stated below, the Court recommends that this motion be denied.

## I. BACKGROUND

On October 22, 2020, Defendant was ordered detained pending trial by United States Magistrate Judge Elizabeth A. Stafford. (Doc. No. 34-4). Defendant now asks this Court to revoke Judge Stafford's order pursuant to 18 U.S.C. § 3145(b) and issue an order releasing him on pretrial supervision. (Doc. No. 38). The United States responded in opposition to Defendant's motion. (Doc. No. 41). Judge Traynor has referred this matter to the undersigned for preliminary consideration.

## II. GOVERNING LAW

The question of release or detention pending trial is governed by 18 U.S.C. § 3142. In determining whether to release a defendant, the court "shall take into account the available information" relevant to the following:

(1) the nature and circumstances of the offense charged, including whether the offense ... involves a controlled substance;

(2) the weight of the evidence against the person;

> (3) the history and characteristics of the person including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. § 3142(g). Information relied upon by this Court may include related files and records, such as affidavits in support of search/arrest warrants and criminal complaints, indictments, investigative statements/reports, oral and written investigative reports of United States Probation and Pretrial Services officers; witness testimony; and proffered evidence.

Where there is probable cause to believe that a defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), including offenses for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure defendant's future court appearances and the safety of the community. 18 U.S.C. § 3142(e)(3). The § 3142(e)(3) presumption of detention represents a Congressional finding "that certain offenders ... as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Bruce, 2018 WL 1188757, at *2 (D.S.D. Mar. 6, 2018), quoting United States v. Dominguez,

783 F.2d 702, 707 (7th Cir. 1986). See also United States v. Stone, 608 F.3d 939, 945–46 (6th Cir. 2010) ("the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.") (internal citations omitted).

When the presumption applies, a defendant "bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence [defendant] does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (internal citations omitted), quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001). While a defendant's burden of production is "not heavy," defendant must introduce at least some credible evidence. See Stone, 608 F.3d at 945, citing United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). A court considers the 18 U.S.C. § 3142(g) factors in determining whether the presumption is rebutted. Mercedes, 254 F.3d at 436.

The presumption in favor of detention does not disappear once a defendant meets the burden of production. The presumption "remains a factor to be considered among those weighed by the district court." Abad, 350 F.3d at 797, quoting Mercedes, 254 F.3d at 436.

### III. ANALYSIS

In her Order of Detention Pending Trial, Judge Stafford found that a rebuttable presumption applies in this case pursuant to 18 U.S.C. § 3142(e)(3), and further found that Defendant failed to rebut the presumption. See Doc. No. 34-4, p. 2. She ultimately concluded that the Government proved (1) by clear and convincing evidence that no condition of release or combination thereof will reasonably assure community safety, and (2) by a preponderance of the evidence that no condition of release or combination thereof will reasonable assure defendant's future court appearance. Id.

Defendant does not address the presumption of detention in his brief, but generally claims that conditions exist which could allow his release under 18 U.S.C. § 3142(g). He states that he is not a flight risk because he has a stable home with his child's mother in metropolitan Detroit, where all his family lives. He further argues that he should be released on bond because he received a gunshot wound in August, and "has not had any medical attention since he was detained." (Doc. No. 39, p. 2). Additionally, he cites the Covid-19 pandemic as cause for release and states he is extremely susceptible to it if he remains in detention. He argues that conditions of release such as house arrest, GPS tracking, and drug testing would assure his future appearance and community safety.

The United States responds at length, submitting with their brief a variety of criminal filings from other jurisdictions, the Pretrial Services Report prepared in the Eastern District of Michigan, and a music video. The United States first points out that despite Defendant's ties to the Eastern District of Michigan, he has demonstrated no ties to the District of North Dakota, where he will need to appear. The United States argues that other evidence supports a finding of flight risk, such as Defendant's history of arrest in other jurisdictions under an alias, and various outstanding arrest warrants including one for Failure to Appear in Alabama. The United States argues that Defendant's history of deceiving law enforcement and failing to address outstanding warrants undermines his claims that he is not a flight risk in the instant case.

The United States also contends that Defendant's history of injury does not constitute any cause for release, as the United States Marshal's Service can provide any needed medical attention, and further cites a music video featuring the Defendant after his injury as evidence that Defendant is not grievously injured. The United States further dismisses Defendant's concerns about COVID-19 as an insufficient reason to avoid detention.

Looking to the § 3142(g) factors, the Court finds that defendant has failed to carry his limited burden to rebut the applicable 18 U.S.C. § 3142(e)(3) presumption that no condition or combination thereof will reasonably assure both his appearance and community safety.

Regarding risk of nonappearance, this Court shares the opinion of Judge Stafford. Defendant's criminal history includes both the use of aliases a variety of unresolved warrants in states across the country. See Doc. Nos. 41-2, 41-3, 41-4, 47. This record leaves the Court with the firm conviction that Defendant presents a serious flight risk. Even though he has lived in his most recent address in Michigan for a year, the Court finds this potential residence insufficient to rebut the statutory presumption of detention relating to flight risk.

Defendant's other claims are similarly unavailing. An unspecified need for possible medical treatment as presented here is insufficient to constitute grounds for pretrial release. And a generalized worry about COVID-19 likewise fails to bolster Defendant's claim.

Defendant did not specifically address Judge Stafford's finding that he had failed to rebut the statutory presumption regarding community safety. Looking to Defendant's criminal history and the recommendation of Pretrial Services, the Court is convinced that his release would indeed endanger the safety of the community.

## IV.     CONCLUSION

For all the foregoing reasons, the undersigned recommends that Defendant's Motion for Revocation of Detention Order (Doc. No. 38) be denied.

## NOTICE OF RIGHT TO FILE OBJECTIONS

The parties shall have until December 25, 2020 to file objections to this Report and Recommendation. See D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

**IT IS SO ORDERED**.

Dated this 11th day of December, 2020.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter
> United States Magistrate Judge