IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:20-cr-00174 |
| Malachi D. Lloyd, a/k/a Malik, a/k/a TMC Mali, a/k/a Moneycounter Mali, | |
| Defendant. | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]   THIS MATTER comes before the Court on the Defendant's Motion to Reduce Sentence and Motion to Appoint Counsel filed on July 31, 2024. Doc. No. 258. The United States filed a Response on August 6, 2024. Doc. No. 270. For the reasons set forth below, the Motions are **DENIED**.

[¶2]   On January 6, 2023, the Defendant was sentenced to a 72-month term of imprisonment after he pled guilty to Count One of a Superseding Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846. Doc. No. 175. The Court subsequently reduced this sentence to sixty-five months of imprisonment pursuant to 18 U.S.C. Section 3582(c)(2) and the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines. Doc. No. 256.

[¶3]   In his Motion to Reduce Sentence, the Defendant argues extraordinary and compelling circumstances warrant a sentencing reduction to time served, namely, he is needed as a caregiver for his two minor children. Doc. No. 258.

[¶4]     Beginning in December 2018, Congress modified the compassionate release statute to allow reduced sentences upon a showing of "extraordinary and compelling reasons warrant such a reduction" to the extent "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," but only after consideration of the factors set forth at 18 U.S.C. Section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Defendants bear the burden of proving a sentencing reduction is warranted. United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022).

[¶5]     The First Step Act does not define "extraordinary and compelling reasons." The relevant policy statement provides a sentencing reduction can occur upon meeting three conditions: (1) "extraordinary and compelling circumstances" warrant the reduction; (2) the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(1)–(3). Relevant here, this policy statement defines "extraordinary and compelling reasons" as:

> (b)     Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or combination thereof:
>
> \*     \*     \*
>
> (3)     Family Circumstances of the Defendant.—
>
> (A)     The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

>       (C)     The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
>       (D)     The defendant establishes that circumstances similar to those listed paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3). This policy statement is advisory in nature. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).

[¶6]    Defendant has failed to prove extraordinary and compelling circumstances exist here. Defendant claims his four-year-old child's caregiver has passed away but has failed to identify the name of either his child or the caregiver. He also provides no proof of death, such as an obituary. U.S.S.G. § 1B1.13(b)(3)(A). Absent affirmative proof from the Defendant, the Court cannot make any factual findings of extraordinary and compelling circumstances relating to this child. United States v. Romano, No. 22-cr-12, 2023 WL 8735203 (E.D.N.Y. Dec. 19, 2023).

[¶7]    As to his ten-year-old child who may be subject to domestic violence, he expresses concern about placement a child in foster care, but foster care is not an extraordinary and compelling circumstance. See United States v. Burbidge, 2019 WL 4863481, at *1 (D.N.D. Oct. 2, 2019). Accordingly, extraordinary and compelling circumstances are not present relating to this child.

[¶8]    The Court has reviewed the record and concludes a reduction is not warranted after a review of the factors listed under 18 U.S.C. § 3553(a). The Defendant was charged and convicted of a serious drug charge. Significant to the Court, the Defendant's conduct involved (1) distributing

- 4 -

highly addictive and dangerous fentanyl and oxycodone in North Dakota which pose a significant risk, including overdose and death and (2) trafficking these drugs for profit for more than one year. Doc. No. 144, ¶¶ 4–9, 13, 58. Ultimately, nothing has changed in the Court's consideration of the factors under 18 U.S.C. § 3553(a) since sentencing. Anything less than sixty-five months would be insufficient under the circumstances. Accordingly, the Defendant's Motion for Compassionate Release is **DENIED**.

[¶9]   Finally, the Defendant requests appointment of counsel. However, a defendant is not entitled to assistance of counsel in filing motions for compassionate release. <u>United States v. Meeks</u>, 971 F.3d 830, 833 (8th Cir. 2020); <u>Brown</u>, 565 F.3d at 1094. Defendant has cited no authority to the contrary. Accordingly, the Defendant's Motion to Appoint of Counsel is **DENIED**.

## CONCLUSION

[¶10]   For the reasons set forth above, the Defendant's Motion to Reduce Sentence and Motion to Appoint Counsel are **DENIED**.

[¶11]   **IT IS SO ORDERED.**

DATED February 26, 2025.

Daniel M. Traynor, District Judge
United States District Court